Mabel M. Link, Administratrix, Appellee, v. Alton, Granite & St. Louis Traction Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

### Statement of the Case.

Action by Mabel M. Link, administratrix of the estate of George L. Link, plaintiff, against Alton, Granite & St. Louis Traction Company and East St. Louis & Suburban Railway Company, defendants, to recover for the death of George L. Link, due to the collision of one of the interurban cars operated by defendant Alton, Granite & St. Louis Traction Company with the buggy which plaintiff's decedent was driving. On the trial of the case the action was dismissed generally as to the East St. Louis & Suburban Railway Company. From a judgment for plaintiff for $5,000 against it, defendant Alton, Granite & St. Louis Traction Company appeals.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

GEERS & GEERS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. DEATH, § 50b*—*what must be shown in action for negligent.* In an action for negligent death, the plaintiff must prove affirmatively that the injured person was in the exercise of ordinary care for his own safety at and immediately prior to the time of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the injury, and it is not sufficient for the plaintiff to prove simply that the death was due to the negligence of the defendant.

2. INTERURBAN RAILROADS, § 4*—*what care required of one approaching interurban railroad crossing.* It is the duty of one approaching in a buggy an interurban railroad crossing, where he has to cross four other tracks running parallel to it before reaching it, to exercise the care and caution commensurate with the known danger.

3. INTERURBAN RAILROADS, § 4*—*when exercise of care by driver of buggy in approaching crossing not shown.* In an action against an interurban railroad to recover for the death of the driver of a buggy, due to a collision at a crossing, where the only eyewitnesses of the accident were the conductor and motorman and a person coming up the track in the opposite direction to that in which the car was going, and they all testified that deceased was driving, that both he and his companion had their heads down, and were not looking in any direction or making any efforts to ascertain whether or not any car or train was approaching from either direction, and the pedestrian testified that as he came near he shouted a warning of the approach of the train to which they paid no attention, and it further appeared that it was necessary to cross four parallel tracks in close proximity in approaching the interurban track, evidence *held* to show that deceased did not exercise due care for his own safety.

4. APPEAL AND ERROR, § 1410*—*when judgment reversed because verdict against manifest weight of evidence.* In an action against an interurban railroad to recover for the death of a person, due to a collision between a buggy which deceased was driving and one of defendant's cars, *held* that the verdict for plaintiff was so against the manifest weight of the evidence as to warrant a reversal of the case.

5. APPEAL AND ERROR, § 1410*—*when verdict not sustained because against manifest weight of evidence.* While ordinarily the verdicts of juries who have seen the witnesses upon the stand and heard them testify will not be disturbed, yet where such verdicts are against the manifest weight of the evidence, it is the duty of the Appellate Court to set them aside.

6. INTERURBAN RAILROADS, § 4*—*when failure to give proper warning in approaching crossing and excessive speed not shown.* In an action against an interurban railroad company to recover for the death of one driving a buggy as the result of a collision with one of defendant's cars at a crossing, evidence *held* sufficient to show the giving of warning signals on approaching the crossing and that the speed of the train was not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.